UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.

 BRADLEY J. HOLLENBECK,
PATRICK J. DANIELEWICZ,
SARAH J. GREENE,
ELIZABETH J. SCHREIBER, and
MICHAEL C. MULLEN,

                    Defendants.
_____

**REPORT,
RECOMMENDATION and
ORDER**

15-CR-00049-LJV-JJM

              Defendants are charged with conspiring to manufacture, possess and distribute

500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. §846.

Indictment [1].[1]  This case was referred to me by Hon. Richard J. Arcara for supervision of all

pretrial proceedings (March 17, 2015 Text Order), and it was later reassigned to Hon. Lawrence

J. Vilardo [75].  Before me are the pretrial motions of defendants Bradley Hollenbeck [51],

Patrick Danielewicz [56], Sarah Greene [55], Elizabeth Schreiber [62], and Michael Mullen [51,

70], as well as the government's cross-motion for reciprocal discovery.  Duszkiewicz Affidavit

[63], ¶¶41-43.  Oral argument was held on October 13 and November 4, 2015 [69, 72].  For the

following reasons, the government's cross-motion for reciprocal discovery is granted,

defendants' non-dispositive motions are granted in part and denied in part, and I further

recommend that the motions to dismiss the Indictment and to suppress be denied.

---

[1]        Bracketed references are to the CM/ECF docket entries.

# ANALYSIS

**A.    Defendants' Motions**

**1.    Motions for Joinder**

Without identifying any specific motions, defendants Hollenbeck, Mullen, Greene, and Danielewicz move to join in each other's pretrial motions.   Greenman/Effman Affidavit [51], ¶129-30; Okay Affirmation [55], ¶70; Farley Declaration [56], ¶91.  These motions are granted to the extent the pretrial motions are applicable to the defendant and he or she has standing to assert such motions.

**2.    Motions to Dismiss the Indictment**

**a.    Defendants Hollenbeck and Mullen**

Defendants Hollenbeck and Mullen move to dismiss the Indictment by arguing that it "violates the Fifth Amendment Grand Jury Clause, because it does not adequately specify the amounts attributable to each individual defendant".  Greenman and Effman Affidavit [51], ¶107.  In response, the government argues that "[a]s the indictment apprises the defendants of the elements of [the] offense and the nature of the allegations, defendants' request to dismiss the indictment should be denied".  Duszkiewicz Affidavit [63], ¶28.

The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." The purpose of this clause is "to limit [a defendant's] jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." <u>United States v. McCourty</u>, 562 F.3d 458, 469-70 (2d Cir.), <u>cert. denied</u>, 558 U.S. 1100 (2009).  "An indictment satisfying the Fifth Amendment must fulfill two requirements: first, it must contain

the elements of the offense charged and fairly inform a defendant of the charge against which he must defend, and second, it must enable him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Bastian, 770 F.3d 212, 217 (2d Cir. 2014).

Here, the underlying substantive offense for the conspiracy count is possession with intent to distribute and distributing "500 grams or more of a mixture and substance containing methamphetamine . . .  in violation of [21 U.S.C. §§841(a)(1), 841(b)(1)(A)]". Indictment [1].  21 U.S.C. §841(b)(1)(A) provides for mandatory minimum penalties for persons convicted of drug trafficking offenses involving threshold quantities of certain drugs.

"[I]n order for a conviction or sentence on an aggravated offense under [21 U.S.C.] §841(b)(1)(A) . . . to be sustainable, drug quantity is an element that must *always* be pleaded and proved to a jury or admitted by a defendant." United States v. Gonzalez, 686 F.3d 122, 130 (2d Cir. 2012) (emphasis in original).  Likewise, "[w]here an indictment alleges a conspiracy involving the weight-related provisions of 21 U.S.C. §841, the Government's burden of proof includes the requirement that a co-conspirator defendant at least could have reasonably foreseen the type and quantity of the substance about which he conspired." United States v. Thompson, 528 F.3d 110, 119 (2d Cir.), cert. denied, 555 U.S. 895 (2008).

Defendants cite no authority supporting that an Indictment must specifically plead that the quantity of narcotics was at least reasonably foreseeable to each co-conspirator.  While they rely on United States v. Adams, 448 F.3d 492 (2d Cir. 2006) ([51],¶115), that case addressed the proof necessary for conviction, rather than the sufficiency of the Indictment.  *See* id. at 499 ("we require *proof* that this drug type and quantity were at least reasonably foreseeable to the co-conspirator defendant" (emphasis added)).  Nor do they argue that the Indictment fails

to protect them against double jeopardy.  Therefore, I recommend that defendants' motion to dismiss be denied.

Alternatively, defendants seek "disclosure of the instructions provided to the grand jurors . . . to ensure that the grand jury had made the necessary, individualized probable cause determinations regarding the essential element of quantity, based upon accurate, sufficient instructions".  Greenman/Effman Affidavit [51], ¶107.  The government responds that defendants have "failed to meet the particularized need test" for that disclosure.  Duszkiewicz Affidavit [63], ¶27.

"[I]n order for Defendant[s] to obtain disclosure of grand jury instructions, [they] must demonstrate particularized need."  United States v. Smith, __ F.Supp.3d __,  2015 WL 2445813,  *4 (W.D.N.Y.  2015) (Wolford, J.).  In seeking this disclosure, defendants argue that "there is strong suggestion that the grand jury was not properly instructed that it could charge an individual defendant only if it found probable cause to believe that he – individually – knew or could have reasonably foreseen a drug distribution conspiracy involving more cocaine and cocaine base which would trigger the mandatory minimum sentence".  Greenman/Effman Affidavit [51], ¶119.  However, "[i]t is well-settled that hope and speculation are wholly insufficient to overcome the rule of secrecy in grand jury proceedings".  Smith,  2015 WL 2445813, *5.  "The only evidence offered by Defendant[s] supporting the proposition that the grand jury was incorrectly instructed is the indictment itself."  Id.  However, the fact that the Indictment does not allege that each defendant either participated in the mandatory minimum quantity or that such quantity was reasonably foreseeable, does not create a particularized need. See id.  Therefore, this portion of defendants' motion is denied.

### b.   Defendant Schreiber

Defendant Schreiber moves to dismiss the Indictment by arguing that the voluntary discovery disclosed thus far does not identify her, but instead "identifies a 'Liz Martin'", an individual believed to Elizabeth Martin, who was recently released on parole for a New York State conviction for the unlawful manufacture of methamphetamine in the third degree.  Hutchison Affidavit [62], ¶20.  Therefore, she argues that "the evidence presented to the Grand Jury [was] likely insufficient to identify [her] as a member of the conspiracy" (id., ¶21).

The government responds that "[a]s the indictment apprises the defendants of the elements of offense and the nature of the allegations, defendants' request to dismiss the indictment should be denied".  Duszkiewicz Affidavit [63], ¶28.  Since defendant Schreiber does not contest the facial sufficiency of the Indictment, and since "[t]here is no such thing as a motion for summary judgment in a criminal case", United States v. Parker, 165 F.Supp.2d 431, 458 (W.D.N.Y. 2001) (Arcara, J.), this challenge, which would require me to consider facts outside of the Indictment, cannot be resolved in a pretrial motion to dismiss.  It is only when the government offers "what can be fairly described as a full proffer of the evidence it intends to present at trial" that the sufficiency of the evidence may appropriately be addressed on a pretrial motion to dismiss an indictment.  United States v. Perez, 575 F.3d 164, 166-67 (2d Cir. 2009), cert. denied, 559 U.S. 1049 (2010).  However, that has not occurred here.  Therefore, I recommend that this motion be denied.

3.      **Motions to Suppress Statements**[2]

a.      **Defendant Schreiber**

In my various Scheduling Orders, including the most recent Superseding

Scheduling Order, I cautioned the defendants that "[a]ny motion to suppress statements or

physical evidence must initially be accompanied by an  appropriate affidavit (or declaration)

from an individual with personal knowledge, failing which the court will normally recommend

that the motion be denied without an evidentiary hearing.  *See* United States v. Marshall, 2012

WL 5511645, *2 (W.D.N.Y.), adopted  2012 WL 5948782 (W.D.N.Y. 2012); United States v.

Longo, 70 F.Supp.2d 225, 248 (W.D.N.Y. 1999)".  [60], ¶1.  Without identifying any specific

statement or submitting an affidavit (or declaration), Defendant Schreiber initially joined in the

co-defendants' motion to suppress.  Hutchison Affidavit [62], ¶5.

At the October 13, 2015 oral argument I directed the government to identify any

statements by defendants that it intends to use at trial and,  upon receipt of that information,

permitted  defendant Schreiber to file an affidavit (or declaration) in support of her motion to

suppress statements by October 26, 2014 [69].  At the November 4, 2015 oral argument, I gave

her a further extension until November 13, 2015 to make that submission [74].  However,

she has failed to do so.  Therefore, I recommend that her motion to suppress be denied.

b.      **Defendant Mullen**

At the November 4, 2015 oral argument, defendant Mullen clarified that his

motion to suppress statements [70] is limited to his claim that his Sixth Amendment right to

counsel was violated by the questioning that occurred while he was on probation as a result of a

---

[2]      Although defendant Greene moved to suppress her March 2015 statements (Okay Affirmation
[55], ¶¶18-23), she later withdrew that motion.  *See* November 3, 2015 correspondence [73].

New York State misdemeanor conviction for drug possession.  *See* November 4, 2015 Text

Order [74].  At that time, I denied his request for an evidentiary hearing concerning that motion,

since he "failed to establish that a Sixth Amendment right to counsel attached while he was

serving probation.  *See* Steward v. Graham, 2008 WL 2128172, *15 n. 17 (holding that no sixth

Amendment right to counsel attached where defendant was in custody on a parole violation)",

and that "even if such a right had attached, a defendant's statements regarding offenses for which

he had not been charged [are] admissible notwithstanding the attachment of his Sixth

Amendment right to counsel on other charged offenses.  Texas v. Cobb, 532 U.S. 162, 168

(2001)."  Id.  For these reasons, I likewise recommend that defendant Mullen's motion to

suppress be denied.


### 4.    Defendant Greene's Motion to Suppress Evidence

Defendant Greene moves to suppress evidence seized from her cell phone during

an alleged consent search.  Okay Affirmation [55], ¶¶24-34.  Based upon the government's

representation at the October 13, 2015 oral argument that it will not use the results of defendant

Greene's cell phone search at trial, I recommend that this motion be denied as moot.  *See*

October 13, 2015 Text Order [69].


### 5.    Defendant Greene's Motion for a Wade Hearing[3]

Defendant Greene moves for production of any out-of-court identifications and

for a Wade hearing. Okay Affirmation [55], ¶¶9-17.  At the October 13, 2015 oral argument, the

government represented that there were no single photo, photo array or show-up identifications

of defendant Greene.  Therefore, this motion is denied as moot.

---

[3]    United States v. Wade, 388 U.S. 218 (1967).

6. **Motions for Severance**

Defendants Hollenbeck, Mullen, Greene, and Schreiber move for severance or reserve their right to do so before the trial judge.  Greenman/Effman Affidavit [51], ¶¶124-28; Okay Affirmation [55], ¶68; Hutchison Affidavit [62], ¶22.  A decision on such motions is better "left to the discretion of the District Judge to whom the case is assigned".  United States v. McCabe, 2013 WL 6081719, *6 (W.D.N.Y. 2013) (Schroeder, M.J.) (deferring a motion for severance of counts and defendants to the trial judge).  Therefore, the motions for severance are denied, without prejudice to renewal before the trial judge.

7. **Motions for Counsel's Participation in *Voir Dire* and to *Voir Dire* Government Experts Outside the Presence of the Jury**

Defendants Hollenbeck, Mullen, Danielewicz, and Schreiber move for counsel's active participation in *voir dire* and to *voir dire* government experts outside the presence of the jury.  Greenman/Effman Affidavit [51], ¶¶131-36.  Farley Declaration [56], ¶¶52-57, 70-76; Hutchison [62], ¶23. These motions, which are better addressed by the trial judge, are denied, without prejudice to renewal.

8. **Motions for Bills of Particulars**

Defendants move for a variety of particularization.  Greenman/Effman Affidavit [51], ¶¶15-30; Okay Affirmation [55], ¶35; Farley Affirmation [56], ¶¶5-13; Hutchison Affidavit [62], ¶¶7-9.  Fed. R. Crim. P. ("Rule") 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense".  United States v.

Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).  "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."  United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999).  "[T]he burden is upon defendants to show that non-disclosure of the requested particulars would lead to prejudicial surprise at trial or would adversely affect defendants' rights".  United States v. Duarte, 2014 WL 29366, *1 (W.D.N.Y. 2014) (Scott, M.J.).

"In deciding a motion for a bill of particulars, the important question is whether the information sought is necessary, not whether it is helpful."  United States v. Conley, 2002 WL 252766, *4 (S.D.N.Y. 2002).  A bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense".  United States v. Henry, 861 F.Supp. 1190, 1197 (S.D.N.Y. 1994).

The court "has the discretion to deny a bill of particulars if the information sought by defendant is provided in the indictment or in some acceptable alternate form".  United States v. Barnes, 158 F.3d 662, 665 (2d Cir. 1998).  See United States v. Messina, 2012 WL 463973, *10 (E.D.N.Y. 2012) ("In determining whether a defendant has shown such necessity, the trial court must examine the totality of the information available to the defendant, including the indictment and general pre-trial discovery").  "Whether to grant a bill of particulars rests within the sound discretion of the district court."  United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984).

"[T]here is a special concern for particularization in conspiracy cases." United States v. Palmer, 2012 WL 2953659, *3 (W.D.N.Y.2012) (Scott, M.J.) (citing United States v. Davidoff, 845 F.2d 1151 (2d Cir.1988)).  Thus, "a bill of particulars or other adequate disclosure

is appropriate where a conspiracy count covers a complex series of events over a number of years, but provides only the bare bones of the charge". Barnes, 158 F.3d at 666.

Here, the Indictment alleges that "[b]etween at least in or about January 2011 and in or about late 2014 . . . in the Western District of New York, and elsewhere, the defendants . . . did knowingly, willfully and unlawfully combine, conspire and agree together and with others, known and unknown . . . to manufacture, to possess with intent to distribute, and to distribute, 500 grams or more of a mixture and substance containing methampehetamine". Indictment [1]. In opposing defendants' motions for bills of particulars, the government argues that "the Indictment is sufficient", that "[t]he volume of discovery provided thus far . . . provides an overall picture of each defendant's culpability and actions relative to the conspiracy", and that certain of the particularization sought is not within the proper scope of a bill of particulars. Duszkiewicz Affidavit [63], ¶¶15, 18, 20-21.

Although the alleged conspiracy does not appear to be complex, the Indictment provides only the "bare bones" of the alleged conspiracy, which spans approximately four years. While the government argues that the discovery produced adequately apprises the defendants of the conduct they are alleged to have undertaken in furtherance of the conspiracy (Duszkiewicz Affidavit [63], ¶15), this is challenged by the defendants. For example, defendant Schreiber states that while the discovery produced "identifies a 'Liz Martin' on numerous occasions", it "never once mentions Elizabeth Schreiber or some other version of Ms. Schreiber's name". Hutchison Affidavit [62], ¶9. Likewise, defendant Danielewicz states that the "vast majority of [the discovery produced] d[oes] not mention or refer to defendants in this indictment". Farley Affirmation [56], ¶8. She notes that "[t]he discovery included 2 CDs, one of which contains photographs of a residence that was the subject of a search at 1485 Forsythe Road, and is

apparently the home of a defendant in an entirely different indictment 15-50, Timothy Billings"
and that the "[a]dditional documentary information in the voluntary discovery includes
accusatory instruments in state courts against defendants in other indictments" (id., ¶¶9-10).[4]

Much of the expansive particularization defendants seek (*see, e.g.,*
Greenman/Effman Affidavit [51], ¶¶21(a)-(aa)) is not of the type to which they are entitled. "As
a general rule, the defendant does not 'need' detailed evidence about the conspiracy in order to
prepare for trial properly. It is well settled that defendants need not know the means by which it
is claimed they performed acts in furtherance of the conspiracy nor the evidence which the
Government intends to adduce to prove their criminal acts." United States v. Feola, 651 F.Supp.
1068, 1132 (S.D.N.Y.1987), aff'd, 875 F.2d 857 (2d Cir.), cert. denied, 493 U.S. 834  (1989).
*See* United States v. Mullen, 243 F.R.D. 54, 62 (W.D.N.Y. 2006) (Foschio, M.J.) ("[A]s the
government can prove the existence of a conspiracy through circumstantial evidence, a Bill of
Particulars comprised of very specific details is not required for a drug trafficking conspiracy
charge").

Thus, "the government need not specify when a particular defendant joined the
conspiracy, nor is it required to specify what role each defendant played in the conspiracy. . . .
Similarly, to the extent that defendants seek a description of the particular acts for which he or
she is being held responsible, or a listing of the acts of which each defendant had knowledge, the
case law is clear that the government is not required to provide the information." United States v.
James, 2007 WL 914242, *26 (E.D.N.Y. 2007).  *See* United States v. Nicolo, 523 F. Supp. 2d
303, 317 (W.D.N.Y. 2007) (Larimer, J.), aff'd, 421 Fed. App'x 57 (2d Cir. 2011) (Summary

---

[4]     On the same day that this Indictment was returned, Indictments were returned in United States v.
Billings, et al., 15-CR-00050 (LJV) (JJM) and United States v. Hasert, et al., 15-CR-00048 (RJA) (JJM)
charging those defendants with a similar conspiracy to manufacture, possess, and distribute
methamphetamine commencing in January 2011.

Order) ("As a general rule, a defendant is not entitled to receive details of the government's conspiracy allegations in a bill of particulars.  More specifically, details regarding the date on which the conspiracy was formed, or when each participant entered into the conspiracy need not be revealed before trial . . . . Likewise, the names of unindicted coconspirators need not be provided"); United States v. Chen, 2007 WL 2244213, *10 (S.D.N.Y. 2007) ("The Second Circuit . . . ha[s] routinely denied requests for Bills of Particulars concerning the 'wheres, whens, and with whoms' of the crime charged").

Nevertheless, "if necessary to give the defendant enough information about the charge to prepare his defense, '[a bill of particulars] will be required even if the effect is disclosure of evidence or of theories.'" Barnes, 158 F.3d at 665 (quoting 1 Charles Alan Wright, Federal Practice and Procedure §129 (1982)).  Under the circumstances of this case, where the discovery produced fails to apprise each defendant of the conduct he/she is alleged to have undertaken in furtherance of the approximately four year conspiracy, I conclude that some particularization is warranted.  Therefore, within 30 days the government shall specify each defendant's alleged role in the conspiracy, but defendants' motions for further particularization are denied.

### 9.      Motions to Exclude or Redact Statements by Non-Testifying Co-Conspirators

Defendants Hollenbeck, Mullen, and Schreiber move exclude statements of non-testifying co-conspirators pursuant to Bruton v. United States, 391 U.S. 123 (1968). Greenman/Effman Affidavit ¶¶10-14; Hutchison Affidavit [62], ¶6.  In contrast, defendant Greene reserves the right to seek redaction of any such statements and, if sufficient redactions cannot be accomplished, then to seek severance.  Okay Affirmation [55], ¶¶66-67.  She further seeks "a limitation pretrial of each alleged statement attributable to any alleged co-conspirator,

indicted or otherwise, which the Government intends to introduce in its case-in-main, in rebuttal, or otherwise at the trial of this lawsuit" (id., ¶62).   As argued by the government (Duszkiewicz Affidavit [63], ¶32), these issues are better addressed by the trial judge.   *See* United States v. Anguiera, 2012 WL 1232096, *1 (W.D.N.Y. 2012) (Scott, M.J.) ("[T]he relief sought for excluding non-testifying co-conspirators statements . . . [is] better considered by the District Judge prior to trial and are deferred for that consideration").   Therefore, these motions are denied, without prejudice to renewal.

### 10.     Motions for Informant Disclosures and a Witness List

Defendants move for disclosure of any informants, including information concerning their roles, dates of cooperation, and the nature and detail of the information they provided.   Greenman/Effman Affidavit [51], ¶¶33-43; Okay Affirmation [55], ¶¶35-40; Hutchison Affidavit [62], ¶10; Farley Affirmation [56], ¶¶12-17.   The government is not required to provide early disclosure of the identities of informants unless "an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause".   Roviaro v. United States, 353 U.S. 53, 60–61 (1957).   "The defendant bears the burden of showing the need for disclosure of an informant's identity . . . and to do so must establish that, absent such disclosure, he will be deprived of his right to a fair trial."   United States v. Fields, 113 F.3d 313, 324 (2d Cir. 1997).

"The defendant is generally able to establish a right to disclosure where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence."   United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.1988), cert. denied, 489 U.S. 1089 (1989).   Disclosure is not required if a defendant fails to show that "the testimony of the informant would . . . [be] of even marginal value to the

defendant's case". Id. "Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead, the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity." Fields, 113 F.3d at 324.

        Defendants Hollenbeck and Mullen argue "that the informants are percipient witnesses to the allegations . . . [of the] indictment, and may also possess exculpatory and exonerating information". Greenman/Effman Affidavit [51], ¶32. Without more, the need for disclosure of informant identities has not been established. See United States v. Callahan, 2013 WL 4718474, *4 (W.D.N.Y. 2013) (Schroeder, M.J.) ("It is not sufficient that the informant was a participant and witness to the crime"); United States v. Boone, 2003 WL 841088, *6 (S.D.N.Y. 2003) ("Mere speculation . . . that the informer may possibly be of some assistance does not overcome the strong public interest in protecting informants"). Alternatively, defendants Hollenbeck and Mullen request that I review in camera all government reports containing information received from any informant and that the reports be made part of the record. Greenman/Effman Affidavit [51], ¶32. However, defendants having failed to sufficiently articulate grounds warranting such review, this request is also denied. See United States v. Monge, 2012 WL 1900363, *11 (W.D.N.Y. 2012) (Schroeder, M.J.) ("Similarly . . . defendant has failed to sufficiently articulate a need for this Court to conduct an in camera review to evaluate the competing interest").

        Defendants Hollenbeck, Mullen and Greene also seek pretrial disclosure of the government's prospective witnesses. Greenman/Effman Affidavit [51], ¶¶44-53; Okay Affirmation [55], ¶41. Defendants Hollenbeck and Mullen acknowledge that "the general

rule . . . in a non-capital case [is that] the accused has no constitutional right to require production of the names and addresses of prospective witnesses". Greenman/Effman Declaration [51], ¶44. Rule 16 also "does not require the Government to furnish the names and addresses of its witnesses in general". United States v. Bejasa, 904 F.2d 137, 139-40 (2d Cir.), cert. denied, 498 U.S. 921 (1990). However, the court may order such disclosure where the defendant makes "a *specific* showing that disclosure [is] both material to the preparation of the defense and reasonable in light of the circumstances surrounding the case". Id. at 139-40 (emphasis in original).

Based on the record before me, I conclude that defendants have not made a specific showing that disclosure, at this time, is both material to the preparation of the defense and reasonable in light of the circumstances. Nevertheless, this information shall be provided in accordance with the scheduling order to be issued by the trial judge. *See* United States v. Maisonet, 2009 WL 2876170, *8 (W.D.N.Y. 2009) (Schroeder, M.J.). Therefore, these motions are denied, without prejudice to renewal (if necessary) before the trial judge.

11.     **Motions for Rule 16 Discovery and for Notice of Intention Pursuant to Rule 12**

Apart from the government's Brady,[5] Giglio,[6] and Jencks Act (18 U.S.C. §3500) obligations, which are addressed separately, "Rule 16 is . . . the sole authorized vehicle under the Federal Rules of Criminal Procedure for pre-trial discovery in criminal cases". United States v. Louis, 2005 WL 180885, *2 (S.D.N.Y.2005). Defendants move pursuant to Rule 16 for various forms of discovery and for notice pursuant to Rule 12 of the evidence that the government intends to utilize at trial. Greenman/Effman Affidavit [51], ¶¶54-72; Okay Affirmation [55],

---

[5]     Brady v. Maryland, 373 U.S. 83 (1963).
[6]     Giglio v. United States, 405 U.S. 150 (1972).

¶42; Hutchison Affidavit [62], ¶11; Farley Affirmation [56], ¶¶18-24, 90.  In response, the

government states that it has produced "all material presently within its possession that is within

the purview of Rule 16 and in compliance with Rule 12(b)(4)(B)", and that defendants have

requested materials outside the scope of Rule 16.  Duszkiewicz Affidavit [63], ¶4.  Therefore, I

will individually address the categories of discovery permitted by Rule 16.


### a.    Defendants' Statements

The government represents that "[a]ll written and recorded statement of

defendants have been provided or will be provided, as well as the substance of any oral

statements made by each defendant before and after arrest in response to interrogation".

Duszkiewicz Affidavit [63], ¶4.  To the extent that oral, written or recorded statements of

defendants have not been produced (*see* Rules 16(a)(1)(A) and (a)(1)(B)), that production shall

occur promptly.


### b.    Prior Criminal Record

The government agrees to provide each defendant with his or her arrest record

(id., ¶7).  That production shall occur promptly.


### c.    Documents and Objects

The government represents that it "has made available all tangible objects

obtained pursuant to search warrants or otherwise and will make available photographs material

to the preparation of a defense or intended to be used as evidence-in-chief at trial or obtained

from or belonging to the defendants.  The defendants have been apprised that they can examine

such material in custody of the DEA and pursuant to Rule 12(b)(4)(B), such evidence shall be

used by the government against them at trial" (id., ¶6). While the government's response is limited to objects and photographs, it shall also promptly produce (to the extent it has not already done so) any responsive books, papers, documents, or data as required by Rule 16(a)(1)(E).

### d.    Reports of Examinations and Tests

The government represents that "[t]he results and reports of physical and mental examinations and of scientific tests and experiments . . . have been made available to the defendants. If any further reports are forthcoming, they will be provided upon receipt by the government." (id., ¶5). Based upon this representation, this portion of defendants' motions are denied as moot.

### e.    Expert Witnesses

The government represents that it "will comply with the defendants' requests for expert testimony pursuant to Rule 16(a)(1)(G) of witnesses who will testify under Rules 702, 703 and 705 F.R.E" (id., ¶5). Any remaining disclosures pursuant to Rule 16(a)(1)(G) shall occur no later than 30 days before trial, or as otherwise directed by the trial judge. *See* United States v. Lino, 2001 WL 8356, *21 (S.D.N.Y. 2001) ("this Court directs that the Government provide expert witness disclosure to defendants thirty days before trial").

The only information the government expressly declines to produce are the "statements and identities of all persons interviewed and not intended to be called by the government" (id., ¶8). Although this discovery is specifically requested by defendant Greene (Okay Affirmation [55], ¶¶47-48), I agree that "[t]here is no requirement that the prosecution turn over the sum of its non-productive investigation activities to a defendant". United States v. Shakur, 543 F. Supp. 1059, 1061 (S.D.N.Y. 1982). Nevertheless, the government must still

comply with its <u>Brady</u> obligations.  *See* <u>United States v. Mozer-Browne</u>,  2007 WL 1467428,  *1 (S.D.N.Y. 2007) ("The government is under no obligation to produce statements of interviewed non-witnesses, unless they are or contain <u>Brady</u> material").

### 12. Motions for <u>Brady</u>/<u>Giglio</u> Material

Defendants move for pretrial disclosure of <u>Brady</u>/<u>Giglio</u> materials and identify a number of specific materials that they contend fall within the ambit of this authority.  *See* Greenman/Effman Affidavit [51], ¶¶73-93; Okay Affirmation [55], ¶51; Hutchison Affidavit [62], ¶12; Farley Declaration [56], ¶¶25-36.  The government represents that it is "not in possession of any 'exculpatory 'material within the contemplation of <u>Brady</u>, but does acknowledge its continuing duty under <u>Brady</u> to produce such material, if and when it is aware of it".  Duszkiewicz Affidavit [63], ¶11.  With respect to <u>Brady</u> impeachment material, the government agrees to produce such material "no later than one week prior to the commencement of trial, at which time it will produce the Jencks Act material" (<u>id</u>., ¶13).

"The government's obligations under <u>Brady</u> . . . are seemingly well-established. The prosecution has a constitutional duty to disclose evidence favorable to an accused when such evidence is material to guilt or punishment . . . . This duty covers not only exculpatory material, but also information that could be used to impeach a key government witness."  <u>United States v. Coppa</u>, 267 F.3d 132, 135 (2d Cir. 2001) (*citing* <u>Giglio</u>, 405 U.S. at 154).  "[A]s a general rule, <u>Brady</u> and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant".  <u>Id</u>. at 146.  "[A]s long as a defendant possesses <u>Brady</u> evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner."  <u>Id</u>. at 144.  "[T]he time

required for the effective use of a particular item of evidence will depend on the materiality of that evidence . . . as well as the particular circumstances of the case". Id. at 146.

  Based upon the government's representations, defendants' motions are denied. Consistent with Coppa, the government shall timely disclose Brady and Giglio materials to defendants. *See* United States v. Hill, 2012 WL 912948, *5 (W.D.N.Y. 2012) (Schroeder, M.J.).

  Defendant Greene also moves for an *in camera* inspection of the "personnel files and Internal Affairs files of all representatives of law enforcement agencies, state and federal, who will testify in this case" and seeks production of any exculpatory information contained in those files. Okay Affirmation [55], ¶49. The government responds that "[t]o the extent there is possible Giglio material contained in the personnel files of law enforcement witnesses, the government will provide the information to the District Court for *in camera* review prior to trial". Duszkiewicz Affidavit [63], ¶36. Based upon the government's representations, this motion is also denied.


  **13. Motions for Early Disclosure of Jencks Act Material**

  Defendants move for early disclosure of Jencks Act material. Greenman/Effman Affidavit [51], ¶¶70-72; Okay Affirmation [55], ¶59; Hutchison Affidavit [62], ¶14; Farley Declaration [56], ¶¶45-48. Greene also moves for "identification and assurance of production of materials which are questionably considered to be 'Jencks Act Material'". Okay Affirmation [55], ¶¶60-61.

  "Courts in this Circuit have consistently held that district courts lack the power to mandate early production of Jencks Act material." United States v. Morgan, 690 F.Supp.2d 274, 286 (S.D.N.Y. 2010). *See* Coppa, 267 F.3d at 145 (the "Jencks Act prohibits a District Court

from ordering the pretrial disclosure of witness statements"); In re United States, 834 F.2d 283,

287 (2d Cir. 1987) ("as to the district court's order for the production of statements of

government witnesses, the Jencks Act controlled, and the district court had no inherent power to

modify or amend the provisions of that Act"); United States v. Parris, 2014 WL 2745332, *14

(S.D.N.Y. 2014) ("The Jencks Act provides that the Government must produce prior statements

of its witnesses after each has testified at trial and deprives the District Courts of the power to

mandate early production of such material"); United States v. Scott, 2015 WL 1525580, *4 (D.

Conn. 2015) ("The Second Circuit has consistently held that a district court's 'power to order

pretrial disclosure is constrained by the Jencks Act,' and that the district court may not order

advance disclosure inconsistent with the Jencks Act itself").  Nonetheless, the government agrees

to produce it Jencks Act material no later than one week prior to the commencement of trial.

Duszkiewicz Affidavit [63], ¶13.

   I have no reason to believe that the government will not act reasonably and in

good faith with respect to its Jencks Act obligations.  If it is uncertain whether a document

constitutes Jencks Act material, it may apply to the court for a determination.  However, at this

time I see no basis to order the government to identify items which do not clearly constitute

Jencks Act material.  At this time, I also have no reason to question that the government

understands its Jencks Act obligations.  Therefore, defendants' motions are denied.

### 14. Motions for Disclosures Pursuant to Fed. R. Evid. 404(b)

   Defendants Hollenbeck, Mullen, Greene, Schreiber, and Danielewicz seek pretrial

disclosure of any Fed. R. Evid. 404(b) evidence.  Greenman/Effman Affidavit [51], ¶¶94-98;

Okay Affirmation [55], ¶50; Hutchison Affidavit [62], ¶13; Farley Affirmation [56], ¶¶37-44,

87-88.  The government responds that "[b]y way of discovery in this this case, the defendants have been provided with the indication that the government's intention is to offer proof that these activities are such crimes, wrongs or acts which the government intends to prove during its direct case".  Duszkiewicz Affidavit [63], ¶30.[7]  It also states that to extent defendants have "requested specific instances of other crimes, wrongs and acts under [Fed. R. Evid. 404(b)], which may be used as impeachment material", this information will be provided "consistent with its disclosure of Jencks material". Id.

Fed. R. Evid. 404(b)(2)(A) requires that the  government "provide reasonable notice of the general nature of any such [Fed. R. Evid.  404(b)] evidence that the prosecutor intends to introduce at trial . . . and . . . do so before trial – or during trial if the court, for good cause, excuses the lack of pretrial notice".   To the extent that it has not already done so, the government shall provide notice as directed by the trial judge.  *See* United States v. Busch, 2014 WL 2435596, *5 (W.D.N.Y. 2014) (Scott, M.J.).


### 15.      Motions for Disclosures Pursuant to Fed. R. Evid. 608 and 609

Defendants Hollenbeck, Mullen, Schreiber, and Danielewicz seek pretrial disclosure of any Fed. R. Evid. 608 and 609 evidence.  *See* Hutchison Affidavit [62], ¶13; Farley Affirmation [56], ¶¶37-44, 89. "With respect to the defendant's requests under Rules 608 and 609, the only notice requirement imposed by either applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that 'the proponent [give] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.' To the extent the government intends to use a conviction more than 10 years

---

[7]        It is not evident what activities the government is referring to.

old, it must comply with this requirement. The government has no obligation to provide the defendants with notice of any material that will be used to impeach him pursuant to Rule 608 should he elect to testify." <u>United States v. Barnett</u>, 2009 WL 1044559, *2 (W.D.N.Y. 2009) (Scott, M.J.).

In response to defendants' requests, the government states that "[d]efendants have already been provided with their individual criminal history".  Duszkiewicz Affidavit [63], ¶31. However, this does not provide defendants with the notice they are entitled to – namely, notification of which convictions more than 10 years old it intends to use at trial.  Therefore, defendants' motions are granted, and the government shall provide the required notification.[8]


### 16.    Motions for Preservation of Rough Notes and Other Evidence

Defendants Hollenbeck, Mullen, Danielewicz, and Schreiber move for preservation of rough notes and all evidence acquired in this investigation.  Greenman/Effman Affidavit [51], ¶¶102-04; Farley Declaration [56], ¶¶49-51; Hutchison Affidavit [62], ¶¶15-16. Although the government disputes whether rough notes are subject to disclosure, it represents that it "will endeavor to maintain such materials, if they exist".  Duszkiewicz Affidavit [63], ¶8. I grant these motions, and "[t]he government is directed to preserve all rough notes and items of evidence".  <u>United States v. Coates</u>, 2013 WL 3897484, *5 (W.D.N.Y. 2013) (Scott, M.J.).

---

[8]      Defendant Danielewicz argues that to the extent that the government has "not given notice [pursuant to Fed. R. Evid. 404(b), 608, and 608] already . . . the Court should enter an order barring the government from offering any such evidence at trial.  Farley Declaration [56],  ¶44.  That request is denied, without prejudice to renewal before the trial judge.

### 17.    Motions for an Audibility Hearing

Without identifying any specific recordings, defendants Hollenbeck, Mullen, and Schreiber  move for an audibility hearing to "determine whether any recordings that the government seeks to introduce at . . .  trial are audible".  Greenman/Effman Affidavit [51], ¶137; Hutchison Affidavit [62], ¶24.  Since defendants fail to identify which (if any) recordings are inaudible, this motion is denied.

### 18.    Motions for Disclosure of Grand Jury Materials

Defendants seek disclosure of grand jury materials.  Greenman/Effman Affidavit [51], ¶¶105-06; Hutchison Affidavit [62], ¶17; Farley Declaration [56], ¶¶77-78.  Relying on Rule 6(e)(3)(C)(i),[9] Defendants Hollenbeck and Mullen seek disclosure "of transcripts of all testimony before and all exhibits considered by the grand jury".  Greenman/Effman Affidavit [51], ¶105.   They argue that disclosure is necessary since defendants are subject "of a bare bones Indictment", and need to be "informed of what evidence actually exists against them, and so that they can intelligently make a decision as to [their] course of action" (id., ¶106).

"The burden is on the party seeking disclosure to show a *particularized need* that outweighs the need for secrecy."  In re Grand Jury Subpoena, 103 F.3d 234, 239 (2d Cir. 1996) (emphasis added).  Defendants' generalized claims of need fail to meet this threshold.  There are also means short of obtaining the grand jury transcripts, such as the voluntary discovery produced and the bill of particulars I have ordered, that will permit them to adequately prepare for trial.  Moreover, the "transcripts of grand jury testimony of witnesses called by the government to testify at trial must be made available to the defendant pursuant to and in

---

[9]         I believe that they intended to cite to Rule 6(e)(3)(E)(i).

accordance with the provision of 18 U.S.C. §3500".  <u>United States v. Mehta</u>, 2013 WL 1878903,

*10-11 (W.D.N.Y. 2013) (Schroeder, M.J.).  Therefore, these motions are denied.

Defendant Greene seeks to inspect "all of the documents and tangible evidence

subpoenaed [by] . . . the grand jury".  Okay Affirmation [55], ¶58.   She also seeks the

"ministerial procedures followed by the grand jury", including voting and attendance records

(<u>id</u>., ¶56).  However,  she has failed to establish a particularized need for these requests.

Therefore, they are denied.  *See* <u>United States  v. Larson</u>, 2012 WL 4112026, *7 (W.D.N.Y.

2012) (Scott, M.J.) ("[T]his Court deems the cloak of Grand Jury secrecy to include its

ministerial and procedural activities").

Defendant Greene further moves "for an order requiring the Government to cause

all grand jury testimony in this case to be transcribed pursuant to the authority of <u>Brady</u>".  Okay

Affirmation [24], ¶57.  Since I have concluded that defendants are not entitled to inspect the

grand jury transcripts and the government has acknowledged its <u>Brady</u> obligations, this motion is

denied as moot.

**19.     Defendant Danielewicz's Motion for Pretrial Production of Government
Summaries**

Pursuant to Fed. R. Evid. 1006, defendant Danielewicz moves for pretrial

production of the  summaries the government intends to use at trial at least 45 days in advance of

trial.  Farley Declaration [56], ¶¶58-69.  The government does not specifically respond to this

motion. Therefore, it is granted.

**20.     Defendant Greene's Motion for a Pretrial Hearing Regarding Co–Conspirator Statements Pursuant to Fed. R. Evid. 801(d)(2)(E).**[10]

Defendant Greene moves for an order requiring the government "to present any and all evidence tending to establish the existence of a conspiracy . . . at a separate, pre-trial hearing", and for a hearing to determine the "existence of sufficient indicia of reliability in any co-conspirator statement(s)".  Okay Affirmation [55], ¶¶63, 65.  Preliminary questions concerning the admissibility of evidence are to be determined by the court.  *See* Fed. R. Evid. 104(a) "In order to admit an extra-judicial statement by a co-conspirator under Rule 801(d)(2)(E), the district court must find by a preponderance of the evidence (1) that there was a conspiracy, (2) that its members included the declarant and the party against whom the statement is offered, and (3) that the statement was made both (a) during the course of and (b) in furtherance of the conspiracy."  United States v. Diaz, 176 F.3d 52, 83 (2d Cir. 1999), cert. denied, 528 U.S. 875 (1999).  "The admissibility of this testimony is best decided by the trial Court . . . . Whether to conduct such a hearing thus is deferred to the District Judge."  United States v. Crosby, 2013 WL 3354422, *9  (W.D.N.Y. 2013) (Scott, M.J.).  Therefore, this motion is denied, without prejudice to renewal.

**21.     Defendant Greene's Motion for Pretrial Disclosure of Co–Conspirator Statements**

Defendant Greene moves pursuant to Rule 16 and Fed. R. Evid. 801(d)(2)(E) for disclosure of statements of any alleged co-conspirators which the government intends to offer at trial. Okay Affirmation [55], ¶64(A).  "Rule 16 does not encompass co-conspirator

---

[10]     Defendant Greene moves for a pre-trial hearing pursuant to Fed. R. Evid. "801(b)(2)(E)". However, I believe that she intended to reference Fed. R. Evid. 801(d)(2)(E).

statements . . . .   The Jencks Act provides the exclusive procedure for discovering statements that government witnesses - including coconspirators - have given to law enforcement agencies." United States v. De Leon–Navarro, 2012 WL 2254630, *2 (W.D.N.Y. 2012) (Schroeder, M.J.). Similarly, Fed. R. Evid. 801(d)(2)(E) "does not contain a required pretrial notice and therefore, there is no requirement on the part of the government to disclose statements made by a defendant's co-conspirator during and in furtherance of the conspiracy". Id. Since the Jencks Act governs, I deny defendant Greene's request for disclosure of co-conspirators' statements pursuant to Rule 16 and Fed. R. Evid. 801(d)(2)(E).

She also seeks pretrial disclosure of "[s]tatements of the . . . defendant the Government intends to offer in evidence at trial, allegedly made to a third party, who then made a statement to the Government in which the defendant's statement is attributed and included in the third party's statement".  Okay Affirmation [55], ¶64(B).  However, "Rule 16 requires the Government to disclose only those statements made by the defendant to one the defendant knew at the time to be a Government agent." United States v. Piedrahita, 1992 WL 58857, *5 (S.D.N.Y. 1992).  "[A] defendant's statements to third-parties who are not known government agents, that are later memorialized by the Government, are not subject to discovery" under Rule 16. Id.  Therefore, this portion of defendant Greene's motion is also denied.

**22.    Defendant Greene's Motion for Disclosures Pursuant to Fed. R. Evid. 807.**

Defendant Greene seeks notification of the government's intention to offer any statements covered by the residual hearsay exception pursuant to Fed. R. Evid. 807. Okay Affirmation [55], ¶50.  Fed. R. Evid. 807(b) provides that statements covered by the residual hearsay exception are "admissible only if, before the trial . . . the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the

declarant's name and address, so that the party has a fair opportunity to meet it".   The

government does not respond to the motion.   Therefore, it is granted and the government shall

comply with its obligations pursuant to Fed. R. Evid. 807(b).


     **23.**     **Defendant Greene's Motion for Disclosure of Electronic and Non-Electronic Surveillance**

     Defendant Greene moves for disclosure of electronic and non-electric surveillance

in connection with this case.   Okay Affirmation [55], ¶¶44-46.   With respect to her request for

electronic surveillance, the government states that "it is unaware of the basis for the . . . request

given the volume of discovery provided" (Duszkiewicz Affidavit [63], ¶23), and offers no

response to her request for non-electronic surveillance.   Defendant Greene's motions are granted.

To the extent that this information has not been previously produced, the government shall do so.


     **24.**     **Defendant Greene's Motion for Disclosure of Mail Covers**

     Defendant Greene seeks disclosure of whether mails sent to or by her or any co-

conspirator were intercepted and, if so, all information concerning those intercepts.   Okay

Affirmation [55], ¶¶54-55.   The government does not respond to this motion. Therefore, the

motion is granted.


     **25.**     **Defendant Greene's Motion to Compel Mental Health Records and Evaluations of Any Government Witness**

     Relying on Rule 16(a)(1)(D), defendant Greene seeks disclosure of the mental

health records and evaluations for any government witness.   Okay Affirmation [55], ¶¶52-53.

However, Rule 16(a)(1)(D) addresses disclosure of a defendant's criminal record, not mental health records of government witnesses.   Therefore, this motion is denied.

### 26.      Defendant Greene's Motion to Disclose Plea Agreements

Defendant Greene moves, pursuant to Rule 47, for disclosure of "any and all plea agreements, written and/or unwritten, between the Government and any witness, informant and/or co-defendant/co-conspirator".   Okay Affirmation [55], ¶36.   However, Rule 47, upon which Greene relies, does not support her entitlement to this relief. Therefore, this motion is denied.

### 27.      Motions for Leave to Make Other Motions

Defendants move for leave to file additional motions.   Greenman/Effman Affidavit [51], ¶¶139-42; Okay Affirmation [55], ¶69; Hutchison Affidavit [62], ¶25; Farley Declaration [56], ¶¶80-86.   These motions are denied, without prejudice to the possibility of additional motions in the future, upon a showing of good cause for why they were not timely asserted.   *See* Rule 12(c)(3).

### B.      Government's Cross-Motions for Reciprocal Discovery

The government moves for reciprocal discovery pursuant to Rule 16(b). Duszkiewicz Affidavit [63], ¶¶41, 43.   Defendants have not opposed this request. Therefore, the government's motion is granted.   "Defendant[s] shall provide such discovery, if any, not later than 30 days prior to trial or such other date as the District Judge may direct."   United States v. Sikut, 488 F.Supp.2d 291, 304-05 (W.D.N.Y.2007) (Foschio, M.J./Arcara, J.).

The government also moves for disclosures pursuant to Fed. R. Evid. 805(b)(5) and 803(24).  Duszkiewicz Affidavit [63], ¶42.[11]  Defendants have also not opposed this request. Therefore, it is also granted, and they shall comply with the notice provisions of Fed. R. Evid. 807(b).


## CONCLUSION

For these reasons, the government's cross-motion for reciprocal discovery is granted and defendants' non-dispositive motions are granted in part and denied in part, and I further recommend that defendants' motions to dismiss the Indictment and to suppress be denied. Unless otherwise ordered by Judge Vilardo, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by January 4, 2016 (applying the time frames set forth in Rules 45(a)(1)(C), 45(c), and 59(b)(2)).  Any requests for extension of this deadline must be made to Judge Vilardo.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision".   Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(b)(3), the

---

[11]     These Rules have been transferred to Fed. R. Evid.  807.

objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or  identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: December 15, 2015

>  /s/Jeremiah J. McCarthy
>  JEREMIAH J. MCCARTHY
>  United States Magistrate Judge