UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                        ORDER
       v.                                     15-CR-49

BRADLEY J. HOLLENBECK,
PATRICK J. DANIELEWICZ,
SARAH J. GREENE,
ELIZABETH J. SCHREIBER, and
MICHAEL C. MULLEN,

              Defendants.
_____

      The Court (Hon. Richard J. Arcara) referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all pretrial matters, including those that a magistrate judge may hear and determine, pursuant to 28 U.S.C. § 636(b)(1)(A), and those that a magistrate judge may hear and thereafter file a report and recommendation, pursuant to § 636(b)(1)(B).  *See* Text Order of Referral entered March 18, 2015.  This case has since been transferred from Judge Arcara to the undersigned.

      In a single-count indictment, the government charged all five defendants with conspiracy to manufacture, to possess with intent to distribute, and to distribute methamphetamine.  All five defendants filed omnibus pretrial motions with numerous requests for relief.  On December 15, 2015, Magistrate Judge McCarthy issued a Report, Recommendation and Order addressing the motions.  *See* Docket Item 78.  Two of the five defendants, Bradley J. Hollenbeck and Michael C. Mullen, jointly objected to the Report, Recommendation and Order.  *See* Docket Items 79 & 85.  The government also objected.  *See* Docket Items 81 & 86.

The objecting defendants specifically objected to the magistrate judge's recommendation that their motion to dismiss the indictment be denied.  *See* Docket Item 78 at 2-4, Docket Item 79 at 11-12.  The Court must review that recommendation *de novo*.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).  The Court then may accept the recommendation, reject it, or modify it, either in whole or in part.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).  After carefully reviewing the parties' submissions, reviewing this matter *de novo*, and questioning counsel for the objecting defendants at oral argument on February 23, 2016, the Court adopts Magistrate Judge McCarthy's recommendation that the objecting defendants' motion to dismiss be denied for the reasons stated in the Report, Recommendation and Order.

The objecting defendants and the government also objected to certain of Judge McCarthy's non-dispositive orders, including his order denying the defendants' requests for the disclosure of grand jury materials; granting, in part, the defendants' motions for a bill of particulars; and denying, in part, the defendants' motions for a bill of particulars. With respect to the bill of particulars, Judge McCarthy concluded:

> Under the circumstances of this case, where the discovery produced fails to apprise each defendant of the conduct he/she is alleged to have undertaken in furtherance of the approximately four year conspiracy, I conclude that some particularization is warranted.  Therefore, within 30 days the government shall specify each defendant's alleged role in the conspiracy, but defendants' motions for further particularization are denied.

Docket Item 78 at 12.

"The Court will reconsider a magistrate judge's order pertaining to discovery issues (including the granting or denial of a bill of particulars) only if the magistrate judge's determination was 'clearly erroneous or contrary to law.'" *United States v.*

2

*Louissaint*, 2016 WL 543238, at *1 (W.D.N.Y. Feb. 10, 2016) (quoting 28 U.S.C. § 636(b)(1)(A)). This standard is deferential and affords magistrate judges broad discretion in resolving non-dispositive disputes.  *See id.*  Here, Magistrate Judge McCarthy correctly cited the relevant law and considered the factors relevant to whether a bill of particulars should be ordered, including the nature of the charge, "the clarity of the indictment, and the degree of discovery otherwise available to the defendants." *United States v. Walker*, 922 F. Supp. 732, 739 (N.D.N.Y. 1996).  Under the circumstances here, his orders granting in part and denying in part the motions for a bill of particulars were not "clearly erroneous or contrary to law."  Likewise, the defendants have not shown a "particularized need" for the grand jury materials they requested, and so Judge McCarthy's order was appropriate in this respect as well.  *In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir. 1996).   Accordingly, the Court refuses to reconsider those orders except to modify the 30-day time period to serve a bill of particulars.  As discussed with counsel at oral argument on February 23, 2016, the government shall serve a bill of particulars otherwise in conformance with the Report, Recommendation and Order on or before March 8, 2015.

With regard to all other recommendations in the Report, Recommendation and Order, the Court is not required to review them *de novo* or under the "clearly erroneous or contrary to law" standard in the absence of specific and timely objections.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *see also* Fed. R. Crim. P. 59(b)(2) (the failure to object to a report and recommendation "waives a party's right to review"). Nevertheless, the Court has carefully reviewed these issues and affirms or accepts all

other recommendations in the Report, Recommendation and Order that are not specifically addressed above.

    SO ORDERED.


Dated: February 23, 2016
       Buffalo, New York


                                          ***s/ Lawrence J. Vilardo***
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE